UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN GIANNONE,

                              Petitioner,

                                                                     MEMORANDUM & ORDER

   -against-

                                                                     13-CV-2877 (LDW)

EILEEN KELLY, Chief U.S. Probation Officer,

                              Respondent.
------------------------------------------------------------------X
WEXLER, District Judge:

      Petitioner Jonathan Giannone ("Giannone") moves for an order pursuant to 28 U.S.C. § 2241 ("§ 2241") discharging and releasing him from the remainder of his period of supervised release and vacating and dismissing his conviction. As discussed below, Giannone's petition is denied.

## I. BACKGROUND

*A. Resentencing and Supervised Release*

      On March 23, 2010, following a partial remand for resentencing by the Fourth Circuit Court of Appeals, *United States v. Giannone*, 360 F. App'x 473 (4th Cir. 2010), Giannone was resentenced by Judge Cameron Currie of the United States District Court for the District of South Carolina to a term of 57 months' imprisonment to be followed by 3 years' supervised release. Having served a portion of his imprisonment prior to resentencing, Giannone's period of supervised release commenced on April 25, 2011. On May 8, 2012, upon Giannone's request, Judge Currie consented to Giannone's request to transfer his supervised release to the Eastern District of New York. By order dated June 20, 2012, this Court accepted the transfer of jurisdiction over Giannone for the remainder of his period of supervised release. *See United States v. Giannone*, No. 13-CR-0393, Doc. # 2 (June 20, 2012).

On October 9, 2012, Giannone moved the Court for early termination of his supervised release. The government took no position regarding the request. Following a hearing on November 26, 2012, this Court issued an order, dated December 20, 2012, denying Giannone's motion without prejudice to renewal. By letter dated March 4, 2013, Giannone moved this Court, once again, for early termination of his supervised release. By order dated April 5, 2013, the Court denied Giannone's motion without prejudice to renewal in six months.

*B. The Instant Petition*

Now before the Court is Giannone's *pro se* petition for a writ of habeas corpus, filed May 14, 2013, pursuant to § 2241, seeking an "order discharging and releasing [Giannone] from his term of supervised release . . . and to further issue an order vacating and dismissing his conviction." Pet. ¶ 15.[1] Giannone raises four grounds in his petition, none of which, he states, was previously presented on appeal because, according to the petition, all four grounds are based upon information not available during the pendency of his appeals. The four grounds are (1) the government withheld favorable and material evidence; (2) the government withheld that, based upon conduct at trial, Giannone's trial attorney was being "brought up" on disciplinary charges before the Fourth Circuit; (3) Giannone's former defense counsel was before the New York State Supreme Court, Appellate Division, First Department, on issues related to counsel's conduct during the pendency of Giannone's criminal proceedings in South Carolina; and (4) evidence used to convict Giannone was later deemed inadmissible, but incorrectly held to be immaterial to the government's case because of the "overwhelming evidence" of Giannone's guilt. Pet. at 7-9.

---

[1] At the time of filing, the instant petition was assigned to Judge Joseph Bianco. On May 23, 2013, Chief Judge Carol Amon reassigned the case to the undersigned as related to 12-CR-393, Giannone's criminal case, for all further proceedings.

## II. DISCUSSION

Giannone has already filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("§ 2255"), which was denied by Judge Currie. *See United States v. Giannone*, No. 3:06-1011, 2011 WL 1576198 (D.S.C. Apr. 26, 2011). Giannone states that he has determined that the grounds he raises in the instant § 2241 petition[2] do not permit him to file a second or successive § 2255 petition, and are, therefore, appropriately filed pursuant to § 2241. Pet. at 6. He contends that the Court should consider his § 2241 petition under the rule enumerated in *Triestman v. United States*, which he argues held that a petitioner can file a petition for relief under § 2241 when "failure to provide collateral review would raise 'serious constitutional questions.' " Pet. at 6 (quoting *Triestman v. United States* 124 F.3d 361, 377 (2d Cir. 1997)). In *Triestman*, the Second Circuit held that petitioner Triestman was entitled to raise his claim of actual innocence in a § 2241 petition after finding that § 2255 relief was not available to him and that the Antiterrorism and Effective Death Penalty Act, recently enacted at that time, effectively denied him a forum in which to have his claim of actual innocence heard. *Triestman*, 124 F.3d 361. No such circumstances exist here.

The Court has jurisdiction to review habeas petitions from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner is in custody for purposes of habeas jurisdiction while he remains restricted by supervised release. *Whalen v. Federal Bureau of Prisons*, No. 09-CV-1572, 2011 WL 2669112, at *2 (E.D.N.Y. June 30, 2011). "Section 2241 [ ] is the proper means to challenge the *execution*

---

[2] The instant petition is Giannone's second § 2241 petition. He previously filed a § 2241 petition, on grounds not relevant here, which was denied. *See Giannone v. Zych*, No. 10-CV-11844, 2010 WL 2011035 (E.D. Mich. May 19, 2010).

of a sentence. In a § 2241 petition a petitioner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original). Although Giannone is on supervised release and is thus in custody for purposes of this Court's jurisdiction, his petition clearly challenges the validity of his underlying conviction and sentence, and not the execution of his sentence. Thus, § 2255 is the appropriate section under which he must seek relief. *See Adams*, 372 F.3d at 134. Should Giannone decide to pursue the instant claims as a second or successive § 2255 petition, he must file a motion in the appropriate court of appeals for an "order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Accordingly, Giannone's § 2241 petition is denied.

### III. CONCLUSION

For the above reasons, the petition is denied. The Clerk of Court is directed to serve a copy of this order on the *pro se* petitioner and to terminate the motion and close the file.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      May 29, 2013